IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-02378-MSK-BNB

SHERRY M. TIMM,

    Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,
a/k/a Prudential Financial and a/k/a Prudential Disability Management Services,
MATSUSHITA ELECTRIC CORPORATION OF AMERICA,
a/k/a MECA, f/k/a Panasonic, and
THE MATSUSHITA ELECTRIC CORPORATION OF AMERICA DISABILITY
BENEFIT PLAN, a/k/a MECA Long Term Disability Benefit Plan, f/k/a the Panasonic
Disability Benefit Plan,

    Defendants.

---

## ORDER SETTING HEARING UNDER FED.R.CIV.P. 16

---

    THIS MATTER comes before the Court upon a Complaint filed by Plaintiff seeking to recover benefits under a health insurance plan. The Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In light thereof, a hearing pursuant to Fed. R. Civ. P. 16(b) and D.C.COLO.LCivR 16.1 is necessary.

**IT IS ORDERED**:

(1)     The Plaintiff shall effectuate service of process on all Defendants, as well as service of a copy of this Order, within **20 days** of the date of this Order.

(2)     A hearing is set for **Wednesday, February 8, 2006 at 8:00 a.m.** in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado.

(3)     On or before **January 26, 2006**, and in conformance with Fed. R. Civ. P. 26(f), D.C.COLO.LCivR 16.1, 16.2 and 26.1, and this Order, the parties shall prepare and submit a proposed scheduling order. The proposed scheduling order shall be in the form specified by D.C.COLO.LCivR Appendix F **except** that:

  (a) It shall not contain a signature line for a judicial officer.
  (b) It shall address the following:
    <u>Standard of Review</u>:
    •  Do the plan documents confer discretion upon the plan administrator to interpret the plan?
    •  Is this Court's review of the plan administrator's decision *de novo* or under an arbitrary and capricious standard?

    <u>Administrative Record</u>:
    •  What documents comprise the administrative record?
    •  How much time do the parties need to compile and submit the administrative record?
    <u>Discovery</u>:
    •  Does the claimant contend that the plan administrator had a conflict of interest in administering the plan?  If so, are there facts in dispute concerning this issue?
    •  Is there a need for discovery?
  (c) It shall not address the matters set forth in Section 7 (Case Plan and Schedule), Section 9 (Other Scheduling Issues) or Section 10 (Dates for Further Conferences) of Appendix F.

(4) No later than **January 5, 2006**, the parties shall meet and confer regarding the contents of the proposed scheduling order pursuant to Fed. R. Civ. P. 26(f).

(5) No later than **January 26, 2006**, the parties shall stipulate to and file all pertinent ERISA plan documents including summary plan descriptions.  At the conference, the parties shall be prepared to address all applicable provisions in the plan documents.

(6) At the scheduling conference, the parties shall be prepared to address the issues covered by the proposed scheduling order and any other issues enumerated in Fed. R. Civ. P. 16(c).

Dated this 29th day of November, 2005

            **BY THE COURT:**

            *Marcia S. Krieger*
            _____

            Marcia S. Krieger
            United States District Judge