IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02378-MSK-BNB

SHERRY M. TIMM,

     Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,
a/k/a Prudential Financial and a/k/a Prudential Disability Management Services,

     Defendant.

_____

**OPINION AND ORDER DENYING MOTION TO AMEND JUDGMENT AND MOTION FOR ATTORNEY'S FEES**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Attorney's Fees **(# 74)**, the Defendant's response **(# 78)**, and the Plaintiff's reply **(# 84)**; the Plaintiff's Motion to Amend the Judgment **(# 75,77, 79)**,[1] the Defendant's response **(# 78)**, and the Plaintiff's reply **(# 84)**; and the Plaintiff's Second Motion to Extend Time to Appeal **(# 87)**, the Defendant's response **(# 88)**, and the Plaintiff's reply **(# 90)**.

The underlying facts of this action are recited in detail in the Court's Opinion and Order **(# 71)** of September 6, 2007, and are deemed incorporated herein. In summary, the Plaintiff

---

[1]The Plaintiff filed a Motion to Amend the Judgment **(# 75)**, followed a few days later by a *pro forma* Renewed Motion to Amend Judgment **(# 77)** that merely referred back to the contents of the initial Motion to Amend. Approximately a month later, the Plaintiff filed a Supplement **(# 79)** to her Motion to Amend the Judgment, that merely contained a table of calculations of the benefit amounts the Plaintiff claimed.

1

commenced this ERISA action pursuant to 29 U.S.C. § 1132, seeking review of the Defendant's determination that she was not entitled to long-term disability benefits. The Court found that the Defendant had erred in concluding that the Plaintiff did not meet the definition of "disabled" under the terms of the plan, and remanded the action back to the Plan Administrator for a determination of the benefits to which the Plaintiff was entitled.

Within 10 days of the entry of judgment, the Plaintiff filed a timely Motion to Amend the Judgment **(# 75)**, arguing that: (i) the Court should not have remanded the matter to the Defendant for further consideration of potential benefit limitations, insofar as the Administrative Record supplied all of the relevant facts relating to those limitations; (ii) the Court should not have remanded the matter for computation of benefits due, as the Record permitted the Court to make such calculations; (iii) that the Court should award attorney's fees pursuant to 29 U.S.C. § 1132(g); and (iv) that the Court should retain jurisdiction over the matter. Separately, the Plaintiff moved **(# 73)** for an award of attorney's fees, requesting $65,000 in fees and $1,000 in expenses. The fee motion was "verified" by the Plaintiff's counsel, in which he estimated the amount of fees and costs incurred by the Plaintiff, but was not supported by a specific itemization of the services rendered and the time spent as required by D.C. Colo. L. Civ. R. 54.3. On October 25, 2007, while the above-referenced motions remained pending, the Plaintiff moved **(# 87)** for an extension of time to file a Notice of Appeal, citing the pendency of the Motion to Amend the Judgment.

    **A. Motion To Amend Judgment**

Fed. R. Civ. P. 59(e) contemplates the filing of motions to alter or amend a judgment within 10 days of that judgment's entry, although the Rule provides no further explanation as to

2

how such a motion should be adjudicated. Fed. R. Civ. P 60(b) permits the Court to relieve a party from the operation of a final judgment or order for certain specified reasons, including mistake, newly-discovered evidence, or any other matter warranting such relief. It is the timing of the motion, not its contents, that dictate what Rule is deemed to govern the motion. *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Here, because the Plaintiff's motion was filed within 10 days of the entry of judgment, it is treated as one pursuant to Rule 59(e)

Relief under Rule 59(e) is reserved for extraordinary circumstances, such as an intervening change in the controlling law; the discovery of new, previously-unavailable evidence; or the need to correct clear error or prevent manifest injustice. *See e.g. Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not an appropriate vehicle to revisit issues that have already been addressed or to advance arguments that could have been raised in prior briefing. *Id.*

Although the Plaintiff raises a variety of arguments in her motion, many of those arguments bear primarily on the question of whether the Court should have remanded the matter to the Defendant for consideration of additional policy limitations and for calculation of the Plaintiff's benefits. The Plaintiff argues that there was sufficient evidence in the record to permit the Court to address these issues, and that remanding the matter needlessly delays the Plaintiff's receipt of benefits due her and encourages future litigation.

Although ERISA provides for federal review of benefit denials, the courts are not intended to function as "substitute plan administrators." *Jewell v. Life Ins. Co. of North America*, 508 F.3d 1303, 1308 (10th Cir. 2007). Rather, this Court sits in what is essentially an appellate

capacity, evaluating the reasonableness of the Defendant's decisions based strictly upon the evidence in the administrative record. *See Panther v. Synthes (USA)*, 380 F.Supp.2d 1198, 1207 n. 9 (D. Kan. 2005). As such, this Court can only review the Defendant's final decision. Here, although the record reflects that the Defendant referred to, and may have even contemplated the potential applicability of, terms in the Plan limiting the duration of the Plaintiff's benefits, it is clear that the Defendant never made any final and binding determination as to such limitations. Indeed, it could not have done so because the Defendant ultimately concluded that the Plaintiff was not entitled to <u>any</u> benefits, much less benefits that were limited by the terms of the Plan.

The mere fact that the Court <u>might</u> be able to evaluate the applicability of these Plan terms on the face of the record does not mean that the Court <u>should</u> do so. The more prudent course of action is to allow the Defendant to examine and resolve the issue fully in the first instance. *See e.g. Evers Regents of University of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007). To do otherwise would amount to the Court usurping the role of the Plan Administrator. Accordingly, the Plaintiff's Motion to Amend the Judgment is denied

**B. Motion for Attorney's Fees**

At the outset, the Court notes that the Plaintiff's fee motion does not comply with Local Rule 54.3, and for this reason alone, it may be denied. However, the Court need not address the fee motion at this time because the matter has been remanded to the Defendant for further consideration. An attorney's fee award under ERISA requires the Court to consider several factors, including "the relative merits of the parties' positions." *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007). In *Graham*, the 10th Circuit found that a pending remand to the plan administrator to reconsider the plaintiff's eligibility for benefits

prevented the trial court from properly assessing this factor, and thus, deemed the fee motion unripe until the remanded consideration was completed. *Id.* Although this case sits in a slightly different factual posture than *Graham*, the same result is appropriate. Here, the Court has concluded that the Plaintiff is indeed eligible for benefits from the Defendant; the remand will determine the <u>amount</u> of those benefits. The Court can certainly make an assessment at this time of the relative merits of the parties' positions as to the question of eligibility for benefits, but the Court cannot assess the overall degree of the Plaintiff's success, a critical factor in the determination of a reasonable attorney's fee. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).[2] Accordingly, the Plaintiff's motion for fees is denied.

**C. Motion to Extend Time to Appeal**

The pendency of a timely Motion to Amend a Judgment pursuant to Fed. R. Civ. P. 59(e) tolls the period for filing a Notice of Appeal. Fed. R. App. P. 4(a)(4)(A)(v); *Hawkins*, 64 F.3d at 546. Accordingly, the Plaintiff's Motion to Extend the Time to file a Notice of Appeal is denied as moot. In any event, the Court has some doubt that an order remanding the matter to the Defendant for further consideration is a "final order" such that an immediate appeal may lie. *See Metzger v. UNUM Life Ins. Co. of America*, 476 F.3d 1161, 1164-65 (10th Cir. 2007).

---

[2]Although *Hensley* considers fee awards in the context of civil rights claims, the award of fees under ERISA follows the same "lodestar" analysis. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

For the foregoing reasons, the Plaintiff's Motion for Attorney's Fees **(# 74)**, the Plaintiff's Motion to Amend the Judgment **(# 75,77)**, and the Plaintiff's Second Motion to Extend Time to Appeal **(# 87)** are **DENIED**.

Dated this 8th day of February, 2008

                                               **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                               Marcia S. Krieger
                                               United States District Judge